DECISION AND JOURNAL ENTRY
{¶ 1} Appellant Daniel Shilling appeals his conviction from the Wayne County Court of Common Pleas. This Court affirms.
 I. {¶ 2} In September 2005, Shilling was indicted on two counts of gross sexual imposition in violation of R.C. 2907.05. He moved to dismiss the charges and the trial court held a hearing on the motion in September 2006.
 {¶ 3} On September 25, 2006, the parties reached a plea agreement. The State moved to dismiss Count One and Shilling pled no contest to Count Two as amended to alter the time period of the offense to cover a period between June 1, 1987 and November 30, 1988 rather than July 1, 1988 to November 1, 1988. The trial court sentenced Shilling to twelve months of community control and ordered $450 in restitution. *Page 2 
 {¶ 4} Shilling attempted to appeal the trial court's judgment. After filing an untimely notice of appeal, this Court granted his motion for delayed appeal. He has raised two assignments of error.
 II. ASSIGNMENT OF ERROR I "THE APPLICATION OF THE CURRENT VERSION OF R.C. 2151.23, WHICH REQUIRES THE DEFENDANT TO BE TRIED AS AN ADULT FOR MATTERS WHICH OCCURRED WHEN THE DEFENDANT WAS A JUVENILE VIOLATES PROHIBITIONS OF EX-POST FACTO LAWS AND RETROACTIVE LAWS CONTAINED IN THE CONSTITUTIONS OF THE STATE OF OHIO AND THE UNITED STATES."
 {¶ 5} In his first assignment of error, Shilling contends that the post-1997 version of R.C. 2151.23, as applied, is unconstitutionally retroactive and violates constitutional provisions against ex post facto laws. We disagree.
 {¶ 6} The Ohio Supreme Court resolved these claims in State v.Walls, 96 Ohio St.3d 437, 2002-Ohio-5059. Because this Court is bound by the Court's decision, we conclude that Shilling's entire argument is speculative and largely indistinguishable from the result reached inWalls.
 {¶ 7} We begin where the Walls Court started — we must employ a two-step analysis in order to determine whether a statute is unconstitutionally retroactive. Id. at ¶ 10. [W]e first ask whether the General Assembly expressly made the statute retroactive. If it did, then we determine whether the statutory restriction is substantive or remedial in nature." (Internal citation omitted.) Hyle v. Porter,117 Ohio St.3d 165, 2008-Ohio-542, at ¶ 8, citing State v.Consilio, 114 Ohio St.3d 295, 2007-Ohio-4163, at ¶ 10. InWalls, the Supreme Court determined that R.C. 2151.23 applies retroactively and that its jurisdictional mandates are remedial rather than substantive. Walls at ¶ 14-18. A change in jurisdiction does not offend the Retroactivity *Page 3 
Clause so long as a juvenile "was on notice that the offense[s] he allegedly committed could subject him to criminal prosecution as an adult in the general division of the court of common pleas[.]" Id. at ¶ 17.
 {¶ 8} We here address the only significant difference between this case and Walls. Shilling offers a speculative argument that he might not have had this notice because of the remote possibility that he might have been fourteen at the time of the alleged offense. The former law prohibited the common pleas court from exercising its jurisdiction over juveniles under fifteen at the time of the alleged offense. Thus, the former law would not have put a fourteen year old on notice that he could be tried as an adult.
 {¶ 9} Walls' analysis leads us to decide that this entirely speculative argument is not persuasive. In addressing a similar argument, the Walls' Court considered United States v. JuvenileMale (C.A.4, 1987), 819 F.2d 468 and concluded that "[u]nder the federal law in place at the time of the Juvenile Male defendant's offense, there was absolutely no possibility that he could be tried as an adult." (Emphasis in original.) Walls at ¶ 47. On the other hand, Shilling was subject to the possibility that he could be tried as an adult if the conduct occurred during the last seventeen months of the eighteen months covered by the indictment. Far from there being "absolutely no possibility" that Shilling could have been tried as an adult, Shilling offers only speculation, without evidentiary support, that he might have been fourteen years old at the time he committed the offense. There is not a "realistic chance" that Shilling's conduct fell within the first month of the period covered by the indictment and, therefore, we reject this argument. Walls at ¶ 47 (concluding that a "29-year old had no realistic chance of remaining within the juvenile system under the old law * * *."). *Page 4 
 {¶ 10} Similarly, Shilling's Ex Post Facto argument must fail underWalls. Shilling did not offer any evidence in support of his argument that the post-1997 law subjected him to more severe penalties than the former law. "Consequently, application of the amended statutes did not increase his available punishment in any manner other than a speculative and attenuated one. Such a change in the measure of punishment is not enough to constitute an ex post facto violation." Walls at ¶ 41.
 {¶ 11} Accordingly, the statute is neither unconstitutionally retroactive nor an ex post facto law. Shilling's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II "THE DEFENDANT'S RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE CONSTITUTIONS OF THE STATE OF OHIO AND THE UNITED STATES CONSTITUTION [SIC] AS THE RESULT OF UNREASONABLE PRE-INDICTMENT DELAY."
 {¶ 12} In his second assignment of error, Shilling argues that his due process rights were violated because of unreasonable pre-indictment delay. We do not agree.
 {¶ 13} The Supreme Court considered and rejected this argument inWalls. Id. at ¶ 56. Speculative claims of prejudice are insufficient to demonstrate a due process violation. Id. Shilling argues that he was prejudiced by the State's "pre-indictment delay" because a timely prosecution might have revealed that he was fourteen at the time of the alleged offense. The Walls Court rejected this argument even though Walls pointed to actual evidence that was lost because of the passage of time. Id. at ¶ 53. Here, Shilling merely suggests that he might have been only fourteen years old at the time of the offense, and that some evidence might have demonstrated this fact if he had been indicted sooner. We conclude that Shilling's claim is far less compelling than that which the defendant cited in Walls, a claim the Supreme Court *Page 5 
concluded was insufficient to demonstrate actual prejudice and thus a Due Process violation. Id. at ¶¶ 52-56.
 {¶ 14} Finally, as in Walls, this is not a case where the State gathered evidence but failed or refused to act on that evidence. Id. at ¶ 56. Rather, the State acted after learning of the offense, albeit many years after the offense occurred.
 {¶ 15} Shilling's second assignment of error is overruled.
 III. {¶ 16} Shilling's assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
 Costs taxed to Appellant. *Page 6 
 WHITMORE, J. DICKINSON, J. CONCUR *Page 1